

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00597-CV

Julia Ann **HERNANDEZ**,
Appellant

v.

Jaqueline R. **GOEDE**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2015CV00194
Honorable David J. Rodriguez, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
              Karen Angelini, Justice
              Jason Pulliam, Justice

Delivered and Filed:  October 28, 2015

DISMISSED FOR WANT OF JURISDICTION

From our initial review of the record it appeared this court lacked jurisdiction because appellant did not file a timely notice of appeal pursuant to Texas Rule of Appellate Procedure 26.1. Therefore, on October 1, 2015, this court ordered appellant to show cause in writing why this appeal should not be dismissed. Appellant and appellee responded on October 19, 2015.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See* TEX. R. APP. P. 25.1. Texas Rule of Appellate Procedure 26.1(a) requires a notice of appeal be filed within 90 days after the judgment is signed if any party timely filed a motion for new trial. TEX. R. APP. P.

26.1(a)(1). A late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. TEX. R. APP. P. 26.1, 26.3.

The clerk's record reveals the trial court signed a final judgment on May 26, 2015, and appellant filed a motion for new trial on June 26, 2015. Appellant's notice of appeal was due within 90 days, or on or before August 24, 2015. A motion for extension of time was due on or before September 8, 2015. *See* TEX. R. APP. P. 26.1, 26.3. Appellant filed her notice of appeal in the trial court on September 9, 2015.[1] Appellant did not file a motion for extension of time to file the notice of appeal.

Hernandez does not provide good cause why her notice of appeal was untimely filed, as she provides argument pertaining only to the timeliness of the filing of her motion for new trial.

Although it appears appellant's appeal from the trial court's final judgment should have been an accelerated appeal, even under the established timeline for a regular appeal, and assuming Hernandez's motion for new trial was timely filed, Hernandez's notice of appeal was untimely filed. Appellant has failed to provide good cause why this appeal should not be dismissed for lack of jurisdiction. In light of the record presented, appellant's notice of appeal is untimely, and therefore, this court must dismiss this appeal for lack of jurisdiction. TEX. R. APP. P. 26.1, 26.3.

Accordingly, the appeal is dismissed. Costs of appeal are assessed against Hernandez.

PER CURIAM

---

[1] Although it appears appellant's appeal should have been filed as an accelerated appeal, it was filed as a regular appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(b) (West 2015).